IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLIE EAKLE, | : | 1:11-cv-2384 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| ROBERT JOHNSON, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### February 2, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 7), filed on January 10, 2012, which recommends that this action be dismissed without prejudice to the Plaintiff to correct the defects in the complaint by filing an amended complaint within twenty days of the dismissal of the case. Plaintiff has not filed objections to the R&R and the time to do so has lapsed.[1]   For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by January 30, 2012.

## I.  STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

*Pro se* Plaintiff Charlie Eakle ("Plaintiff" or "Eakle"), a state prisoner, filed this action on December 28, 2011 against seven prison official defendants raising claims concerning his medical care, the loss of property from his cell, his treatment at the hands of fellow inmates, and the refusal of state officials to bring criminal

charges on his behalf against those Eakle believes have mistreated him. Notably, all of the contentions in Plaintiff's complaint occurred between February 2006 and September 2009. Eakle's complaint seeks wide-ranging injunctive relief and damages totaling $8.9 million.

Along with his complaint, Eakle filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Within the R&R Magistrate Judge Carlson screened the complaint pursuant to 28 U.S.C. § 1915A, and determined that Eakle's complaint fails to meet the pleading standards prescribed by law and all of the claims are barred by the statute of limitations. Specifically, Magistrate Judge Carlson notes that the latest allegations contained in the complaint occurred in September of 2009, but that this complaint was filed in December of 2011, outside of the two-year statue of limitations applied to civil rights matters. Further, Magistrate Judge Carlson correctly notes that Eakle's prayer for $8.9 million in damages violates Local Rule 8.1 by specifying a particular amount of unliquidated damages and thus should be stricken from the complaint. Finally, Magistrate Judge Carlson recommends, consistent with the precedent of *Alston v. Parker*, 363 F. 3d 229 (3d Cir. 2004) that the Plaintiff be given an opportunity to correct the deficiencies in his complaint by dismissing the deficient complaint at this time without prejudice to one final effort by Eakle to comply with the rules governing civil actions in federal

court, by filing an amended complaint containing any timely and proper claims which he may have. We specifically advise Plaintiff to *carefully* review pages 7 to 12 of the Magistrate Judge's R&R, wherein the Magistrate Judge describes the deficiencies in Plaintiff's complaint in detail. (Doc. 7). Notably, as currently written, the Plaintiff's complaint clearly is barred by the statute of limitations, however, he may be able to avail himself of the protection of the continuing violation doctrine to toll the statute of limitations if he is able to allege facts that support such a finding.

As we have already mentioned, the Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.