IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLIE M. EAKLE, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:11-CV-2384 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| ROBERT JOHNSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

April 12, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Charlie M. Eakle ("Plaintiff" or "Eakle"), an inmate presently confined at the State Correctional Institution Graterford ("SCI Graterford") in Graterford, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983.  (Doc. 1.)

By Memorandum and Order dated February 2, 2012, the Court adopted the Report and Recommendation of Magistrate Judge Carlson recommending the dismissal of this action on the basis that the claims asserted by Eakle all were time-barred and that it was evident from the allegations that the continuing violation theory was inapplicable to toll the statute of limitations, but recommending the dismissal without prejudice to granting Eakle a final opportunity to further litigate this matter by

filing an amended complaint setting forth claims within the period of the statute of limitations.  (Docs. 8, 9.)  Accordingly, the case was closed, and Eakle was given leave to file an amended complaint within twenty (20) days.  (Doc. 9.)  After obtaining two (2) extensions of time, on April 2, 2012, Eakle filed an Amended Complaint (Doc. 14).  Accordingly, we shall re-open this action for the purpose of screening the Amended Complaint under the provisions of 28 U.S.C. § 1915.

As more fully set forth below, after screening the Amended Complaint, we conclude that it is appropriate to dismiss it for failure to state a claim upon which relief may be granted.  Because it is apparent that allowing any further amendment would be futile, our dismissal will be with prejudice.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted."  In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations.  *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006).  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, - - -, 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

**II.   DISCUSSION**

The sole Defendant identified by Eakle in her Amended Complaint is in the caption, where she names Robert Johnson, the Warden of SCI Graterford, as a Defendant.[1]  (Doc. 14 at 1.)  At the outset of her Amended Complaint, Eakle states that all of her contentions stem from occurrences between February 2006 and March 6, 2012.  (*Id.*)  The Amended Complaint consists of a summary divided into paragraphs of dates ranging from July 2008 through February 2012 on which Eakle claims to have sent letters to various state officials, law enforcement officers, and the media complaining about abuse that she allegedly has suffered as an inmate.  (*Id.* at 2-9.)  At the end of her recitation of what she refers to as a "transaction of abuse", Eakle submits four (4) pages of argument in support of her contention that the fact that she has written letters as recently as February 14, 2012 serves as evidence that she is being abused as of the date of her Amended Complaint, and therefore, her claims are within the applicable statute of limitations period.  (*Id.* at 9-12.)  In addition, even though this Court adopted the recommendation that Eakle's claim for specified compensatory damages in the amount of $8,900,000 in her original Complaint be stricken as

---

[1] Eakle identifies herself as "Ms. Charlie Eakle" in her Amended Complaint and therefore, to avoid confusion, we use the pronouns "she" and "her" when referring to Eakle throughout this Memorandum.

improper under Local Rule 8.1, Eakle includes the same request for relief in her Amended Complaint.  (*See id.* at 12.)

We first observe that Eakle's inclusion of argument concerning the applicability of the statute of limitations within an amended complaint is inappropriate. Notwithstanding this flaw, we observe that the mere fact that Eakle sent letters about alleged abuse during the applicable statute of limitations period does not necessarily mean that the abuse upon which she seeks to base a civil rights claim occurred during that same period.  Moreover, apart from the consideration of the timeliness of Eakle's claims, the Amended Complaint fails to state a viable § 1983 civil rights claim.  To state a § 1983 claim, a plaintiff must plead two (2) essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States.  *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).  With regard to the first element, noticeably missing from Eakle's Amended Complaint is a list of Defendants.  It also is not possible to identify the Defendants against whom Eakle seeks to make claims by reading her allegations.  In providing what essentially is a timeline of her letter-writing campaign regarding abuse she allegedly has suffered, Eakle fails to

5

specifically identify by name the state officials who allegedly harmed her and to articulate the constitutional right that allegedly was violated by their actions.  Instead, Eakle has provided names of various individuals she allegedly wrote letters to in order to voice her complaints.  It does not appear that these are the individuals against whom she seeks to pursue civil rights claims.  In short, Eakle's allegations in her Amended Complaint that she sent letters to various individuals about abuse she allegedly suffered are insufficient to state a § 1983 claim.

Further, with respect to the timeliness of the claims, Judge Carlson's Report and Recommendation observed that Eakle could not save any time-barred claims by resort to the continuing violation theory where the Complaint sets forth in great detail that Eakle promptly filed written complaints about wrongs that allegedly were committed against her, and therefore, she could not claim that she did not have the requisite knowledge to formulate her claim at the times that the alleged wrongs occurred.  (*See* Doc. 7 at 10-11.)  As articulated in the Report and Recommendation, the purpose of providing Eakle with an opportunity to amend was to allow her to attempt to state claims that are *within* the period of the statute of limitations.  (*See id.* at 12-13.)  Nevertheless, as set forth above, Eakle again sets forth allegations regarding events that took place well *outside* of the statute of limitations.

In our Memorandum adopting the Report and Recommendation of Judge Carlson, we reiterated the recommendation of dismissing the complaint "without prejudice to **one final effort** by Eakle to comply with the rules governing civil actions in federal court, by filing an amended complaint containing any timely and proper claims which he may have." (Doc. 8 at 3-4 (emphasis added).)  We then directed Eakle to carefully review the portion of Judge Carlson's Report and Recommendation describing in detail the deficiencies in the Complaint, an instruction which Eakle acknowledged in the Amended Complaint.  (*See* Doc. 14 at 2.)  In addition, in the February 22, 2012 Order granting Eakle's first request for an extension of time, Judge Carlson provided Eakle with further guidance in directing that the amended complaint must be complete in all respects in that it shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  (*See* Doc. 11.)  Despite all of this guidance, as outlined above, Eakle has filed an Amended Complaint that fails to identify Defendants and fails to allege violations of a constitutional right, and therefore, fails to state a claim upon which relief may be granted.  It is apparent that allowing Eakle any further opportunity to amend would be an exercise in futility.  Accordingly, our dismissal of the Amended Complaint will be with prejudice.[2]

---

[2]We observe that, even if allowing the opportunity to file a second amended complaint were
(continued...)

**III.   CONCLUSION**

For the foregoing reasons, the Amended Complaint will be dismissed with prejudice and the Clerk of Court will be directed to close this case.  An appropriate Order will enter on today's date.

---

²(...continued)
appropriate, it appears that the proper venue for those claims would be the United States District Court for the Eastern District of Pennsylvania.  We are aware from Eakle's habeas corpus proceedings before this Court in *Eakle v. Warden*, Civil No. 4:07-CV-1031 that Eakle was confined continuously at SCI Graterford from the time of the initiation of those proceedings on June 6, 2007 through the filing of a notice of appeal from our denial of the habeas petition on April 13, 2011.  Therefore, it would appear that any civil rights claims asserted by Eakle that are within the applicable two year statute of limitations period would stem from events that occurred at SCI Graterford, which is within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania, and thus that Court is the appropriate venue for Eakle to raise those claims.  *See* 28 U.S.C. § 1391(b).